UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD C. TALLEVAST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-02267-AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 6) of Defendant City of St. Louis (the "City") to dismiss Plaintiff Leonard Tallevast's complaint. Plaintiff asserts claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq*. For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

Taken as true for the purpose of this motion, Plaintiff alleges the following facts. Plaintiff, a white male, was employed as a park ranger in the City police department's Park Rangers Division, beginning on May 14, 2014. On the morning of June 14, 2018, a black, female co-worker addressed Plaintiff at work by saying, "Fuck you, Leo! You're an Old White Motherfucker!" ECF No. 1, Compl. ¶ 30. Sergeant Kenneth Haynes, a park ranger supervisor, witnessed this encounter and instructed Plaintiff to "just walk away from it." *Id.* ¶ 32. Plaintiff also immediately informed his direct supervisor,

2

Sergeant John Garrett, of the incident, and the next day, Garrett informed Plaintiff not to speak with the coworker.

At work on the morning of July 3, 2018, a black, male co-worker called Plaintiff a "fucking liar"; challenged Plaintiff to fight him; and said to Plaintiff, "Kiss my ass, better yet, kiss my black ass!" *Id.* ¶¶ 42-46. Shortly after this encounter, Garrett approached Plaintiff and told Plaintiff that he (Garrett) had witnessed the incident, but Garrett did not take any further action.

The same day, July 3, 2018, Plaintiff reported both of the above-described incidents to the Deputy Commander of the Ranger Division, Sergeant Brandt Flowers. Plaintiff alleges that as a result of these two incidents and his supervisors' failure to discipline the coworkers or otherwise correct the issue, Plaintiff was "constructively discharged on or about July 5, 2018." *Id.* ¶ 12.[1]

Plaintiff filed suit on July 29, 2019, after filing a charge of discrimination with the Equal Employment Opportunity Commission and receiving a notice of right to sue. Plaintiff asserts claims under Title VII for race discrimination on a constructive-discharge theory (Count I); retaliation in the form of a constructive discharge as a result of Plaintiff's complaints about his co-workers (Count II); and hostile work environment (Count III).

---

[1] Elsewhere in the complaint, Plaintiff alleges that the constructive discharge took place on July 3, 2018. Compl. ¶ 54. Drawing all reasonable inferences in Plaintiff's favor, the Court will presume that Plaintiff resigned on or about July 5, 2018.

The City seeks dismissal of all counts for failure to state a claim. The City contends that Plaintiff has not pled sufficient facts to demonstrate that he acted reasonably in resigning his employment after the two incidents described above, or that he gave his employer an opportunity to correct the problem, so as to support a claim of constructive discharge. The City likewise argues that the facts as alleged fail to demonstrate conduct severe or pervasive enough to constitute a hostile work environment.

Plaintiff opposes the motion to dismiss and argues that he has pled sufficient facts to state claims of constructive discharge and hostile work environment in violation of Title VII. Alternatively, Plaintiff seeks leave to amend his complaint, but he does not attach a proposed amended complaint or suggest how he might cure any pleading deficiency.

## **DISCUSSION**

To survive a motion to dismiss, a plaintiff's claims must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Any claim of discrimination or retaliation under Title VII first requires a plaintiff to identify an adverse employment action. *Blake v. MJ Optical, Inc.*, 870 F.3d 820, 826

4

(8th Cir. 2017). A plaintiff relying on a constructive-discharge theory to prove this element "shoulders a substantial burden." *Blake v. MJ Optical, Inc.*, 870 F.3d 820, 826 (8th Cir. 2017).

"The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Green v. Brennan*, 136 S. Ct. 1769, 1776–77 (2016) (citation omitted). "When the employee resigns in the face of such circumstances, Title VII treats that resignation as tantamount to an actual discharge." *Id.* Moreover, the employee must show that the "employer deliberately created intolerable working conditions with the intention of forcing [him] to quit," and that he gave his employer a "reasonable chance to work out a problem" before quitting. *Blake*, 870 F.3d at 826.

Likewise, harassment is only actionable under Title VII as a hostile work environment if it is so "severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Cooper Tire & Rubber Co. v. Nat'l Labor Relations Bd.*, 866 F.3d 885, 892 (8th Cir. 2017). And when the alleged harasser is a non-supervisor, the plaintiff must also prove the employer knew or should have known about the harassment and failed adequately to address it. *Rickard v. Swedish Match N. Am., Inc.*, 773 F.3d 181, 184 (8th Cir. 2014).

"Stray remarks in the workplace generally are not severe or pervasive enough to change the conditions of employment," *Cooper Tire*, 866 F.3d at 892, and "[n]ot all unpleasant conduct creates a hostile work environment." *Williams v. City of Kansas City,*

5

*Mo.*, 223 F.3d 749, 753 (8th Cir. 2000). *See also Faragher v. City of Boca Raton*, 524 U.S. 775, 788, (1998) ("[O]ffhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."). Indeed, even "morally repulsive" racial slurs may not be actionable unless they "occur with such frequency that the very conditions of employment are altered and be viewed by a reasonable person as hostile," *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 893 (8th Cir. 2005), or are otherwise connected to an employer's decisional process, *see Madel v. FCI Mktg., Inc.*, 116 F.3d 1247, 1252 (8th Cir. 1997) ("[T]his Court has distinguished between comments which demonstrate a discriminatory animus in the decisional process from stray remarks in the workplace, statements by nondecisonmakers, or statements by decisionmakers unrelated to the decisional process.") (cleaned up and citations omitted); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) ("[M]ere utterance of an epithet which engenders offensive feelings in a[n] employee . . . does not sufficiently affect the conditions of employment to implicate Title VII.") (citation omitted).

Here, Plaintiff alleges at most two isolated, if crude, comments by non-decisionmakers that referenced race but did not include any racial slur. Plaintiff's allegations simply do not plausibly rise to the level of severe conduct that would support a constructive discharge or hostile work environment claim. *See, e.g.*, *Cronquist v. City of Minneapolis*, 237 F.3d 920, 926 (8th Cir. 2001) (holding that "inconclusive stray remarks from nondecisionmaking officers . . . are not sufficient to establish a claim of discrimination," and that management's "failure to act on and investigate these stray

remarks also fails to support [a] claim of discrimination and retaliation"); *Calder v. TCI Cablevision of Mo., Inc.*, 298 F.3d 723, 730 (8th Cir. 2002) (describing a manager's reference to an applicant as "grandma," even if "patronizing," as the type of stray remark generally not actionable under Title VII); *Lilly v. Roadway Express, Inc.*, 6 F. App'x 358, 359 (7th Cir. 2001) ("[O]ne coworker's stray reference to [an employee] as a 'black ass' . . . [was] insufficient to support a hostile environment claim.") ; *Harris v. City of St. Louis*, No. 4:10CV1392 RWS, 2012 WL 886824, at *11 (E.D. Mo. Mar. 15, 2012) (holding that occasional comments by coworkers referring to employee's age, including referring to her as an "old dog," did not support a claim of hostile work environment).

Moreover, certainly with respect to the July 3, 2018 incident, Plaintiff's own allegations demonstrate that he did not give his employer sufficient opportunity to address the issue, having resigned just one business day later.[2] In short, the Court agrees with the City that Plaintiff has failed to state a claim under Title VII and will therefore grant the motion to dismiss.

Because Plaintiff has not filed a motion for leave to amend, submitted a proposed amended pleading, or explained how he proposes to amend his complaint, the Court will not grant Plaintiff leave to amend. *See Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir. 1999) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading."); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1034 (8th Cir.

---

[2] The Court takes judicial notice that July 4, 2018 was a holiday.

2012) ("Dismissal with prejudice is appropriate where a party never submitted a proposed amended complaint or clarified what one might have contained.") (citation omitted).);

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED**. ECF No. 6.

All claims against all parties having been resolved, the Court will enter a separate Order of Dismissal.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2020.